Jon W. Gurka (SBN 187964)
Kainoa B. Asuega (SBN 279463)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
jgurka@crowell.com
kasuega@crowell.com

*Attorneys for Plaintiff*
PAX Labs Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAX LABS INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROVE, LLC d/b/a Rove Brand, AUREUS, LLC, AUREUS DHS, LLC, and SATO, LLC.<br><br>Defendants. | Case No. 8:26-cv-03327<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

# COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff PAX Labs, Inc. ("PAX Labs" or "Plaintiff"), by and through undersigned counsel, respectfully alleges, states, and prays as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code, §§ 271 and 281, *et seq*. against Rove, LLC d/b/a Rove Brand (herein "Rove"), Aureus, LLC (herein "Aureus"), Aureus DHS, LLC (herein "Aureus DHS"), and Sato, LLC (herein "Sato") (together with Rove, Aureus, and Aureus DHS "Defendants") for infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff for U.S. Patent Nos. 11,766,527 (the "'527 Patent"); 11,759,580 (the "'580 Patent"); and 12,311,099 (the "'099 Patent") (collectively the "Asserted Patents"), and pursuant to 35 U.S.C. § 271, to recover damages, attorneys' fees and costs.

## PARTIES

2. Plaintiff PAX Labs, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 660 Alabama St., Second Floor, San Francisco, CA 94110. Plaintiff is the owner by assignment of all right, title, and interest in and to the Patents-in-Suit.

3. PAX Labs is a leading designer and developer of vaporizing technology, including vaporizing hardware and software products. Because of its significant investment in research and development, PAX Labs has developed innovative product designs and advanced vaporization technology and has won the widespread trust of millions of customers.

4. Upon information and belief, Defendant Rove, LLC d/b/a Rove Brand is a California limited liability company with its principal place of business located at 1685 Toronto Way, Costa Mesa, California 92626. Upon information and belief, Rove is managed by Aureus Capital Group, LLC, Paul Jacobson serves as its Registered Agent, and it operates as a subsidiary of Aureus Capital Group, LLC.

5. Upon information and belief, Defendant Aureus, LLC is a California limited liability company with its principal place of business located at 1685 Toronto Way, Costa Mesa, California 92626. Upon information and belief, Andrew D. Marsh, the Senior Counsel and Director of Human Resources and Legal Affairs for Rove, serves as the Registered Agent for Aureus. Aureus held an active Commercial-Distributor license issued by the California Department of Cannabis Control from June 17, 2019 until June 16, 2025.

6. Upon information and belief, Defendant Aureus DHS, LLC is a California limited liability company with its principal place of business located at 1685 Toronto Way, Costa Mesa, California 92626. Upon information and belief, Andrew D. Marsh, the Senior Counsel and Director of Human Resources and Legal Affairs for Rove, serves as the Registered Agent for Aureus DHS. Aureus DHS holds a currently active Commercial-Distributor license issued by the California Department of Cannabis Control.

7. Upon information and belief, Sato, LLC is a California limited liability company with its principal place of business located at 1685 Toronto Way, Costa Mesa, California 92626. Upon information and belief, Andrew D. Marsh, the Senior Counsel and Director of Human Resources and Legal Affairs for Rove, serves as the Registered Agent for Sato. Upon information and belief, Sato operates multiple websites advertising Rove Brand products, including rovebrand.com, roveremedies.com, and shoprovebrand.com.

## **JURISDICTION AND VENUE**

8. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over each Defendant at least because each Defendant is organized and exists under the laws of the State of

California. Upon information and belief, each Defendant resides in this judicial district, has systematic and continuous contacts in this judicial district, regularly and systematically transacts business within this district, and regularly avails itself of the benefits of this judicial district. Further, PAX Labs's cause of action arises, at least in part, from Defendants' contacts and activities in the state of California, as Defendants have committed and continue to commit acts of patent infringement within this judicial district, including by making, using, offering to sell, selling, and/or importing the infringing vaporizer products within California and within this district.

11. Venue is proper in this district as to all Defendants pursuant to 28 U.S.C. § 1400(b) and/or 28 U.S.C. § 1391(b) and (c), as each Defendant resides or has a regular and established place of business within this district. Further, upon information and belief, each Defendant has committed acts of patent infringements within this judicial district within the meaning of 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

12. PAX Labs has sought and obtained patent protection in the United States for its numerous vaporization technologies over the years, including the inventions claimed in the Asserted Patents.

13. U.S. Patent No. 11,766,527 (the "'527 patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE," is a valid, enforceable patent that the United States Patent and Trademark Office duly and lawfully issued on September 26, 2023, after a full and fair examination in full compliance with Title 35 of the United States Code. A true and correct copy of the '527 patent is attached hereto as Exhibit A.

14. U.S. Patent No. 11,759,580 (the "'580 patent"), entitled "LEAK - RESISTANT VAPORIZER DEVICE," is a valid, enforceable patent that the United States Patent and Trademark Office duly and lawfully issued on September 19, 2023, after a full and fair examination in full compliance with Title 35 of the United States Code. A true and correct copy of the '580 patent is attached hereto as Exhibit B.

15. U.S. Patent No. 12,311,099 (the "'099 patent"), entitled "LEAK-RESISTANT VAPORIZER DEVICE," is a valid, enforceable patent that the United States Patent and Trademark Office duly and lawfully issued on May 27, 2025, after a full and fair examination in full compliance with Title 35 of the United States Code. A true and correct copy of the '099 patent is attached hereto as Exhibit C.

16. PAX Labs is the sole and exclusive owner of all right, title, and interest in the Asserted Patents, including the right to exclude others and to enforce, sue, and recover damages for past, present, and future infringements, as well as to seek injunctive relief as appropriate under the law.

## THE ACCUSED PRODUCTS

17. On information and belief, the Accused Products include the Diamond Series vaporizers (the "accused original vaporizers"), as well as 2024 and 2026 redesigns thereof (respectively, the "accused 2024 redesign vaporizers" and the "accused 2026 redesign vaporizers") (the accused original vaporizers, accused 2024 redesign vaporizers, and accused 2026 redesign vaporizers are collectively referred to herein as the "accused vaporizers"), and all substantially similar vaporizers.

18. On information and belief, the Accused Products include the Diamond Series vaporizer cartridges (the "accused original cartridges"), as well as 2024 and 2026 redesigns thereof (respectively, the "accused 2024 redesign cartridges" and the "accused 2026 redesign cartridges") (the accused original cartridges, accused 2024 redesign cartridges, and accused 2026 redesign cartridges are collectively referred to herein as the "accused cartridges"), and all substantially similar vaporizer cartridges.

19. The accused vaporizers include an accused vaporizer cartridge inserted into a vaporizer body. Figure 1 below illustrates these component parts in the 2026 redesign. The accused vaporizer cartridge includes a mouthpiece, a reservoir, and a vaporization chamber. The vaporizer body includes a cartridge receiver for receiving the vaporizer cartridge and a sensor (not shown) used to detect a draw on the

mouthpiece. On information and belief, each of the accused vaporizers and accused cartridges include similar component parts.




**Figure 1**

20. In general operation, the accused vaporizers are assembled with the accused cartridges and operated to vaporize the material in the reservoir so that the vaporized material may be drawn into the user's mouth via the mouthpiece. The accused cartridges may be replaced with other accused cartridges, for example, when cartridges run out of material, or when a different flavored material is desired.

21. On information and belief, the accused cartridges are designed to operate exclusively as a necessary component of the accused vaporizers, and the accused vaporizers are designed to operate exclusively with the accused cartridges as necessary components thereof.

22. On information and belief, Rove, LLC directly infringed literally and/or through the doctrine of equivalents the Asserted Patents by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products. On information and belief, Rove was founded in California in 2016 and describes itself as a "leading independent U.S. vape brand . . . with more

than $100 million in annual revenue and products available at over 3,000 dispensary locations across 16 states."[1] On information and belief, Rove offers cannabis products by using organic cannabis from cultivation to cartridge, including the sale of vaporizers, such as the Diamond Series.

23. On information and belief, Aureus, LLC and Aureus DHS, LLC act or acted as commercial distributors of the Accused Products and directly infringed literally and/or through the doctrine of equivalents the Asserted Patents by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products. At least Aureus DHS, who holds a currently active Commercial-Distributor license issued by the California Department of Cannabis Control, continues to engage in these acts of direct infringement.

24. On information and belief, Sato, LLC directly infringed literally and/or through the doctrine of equivalents the Asserted Patent by selling or offering for sale in the United States, the Accused Products, through one or more online websites. Sato continues to engage in these acts of direct infringement.

25. On information and belief, Defendants publish and/or provide third parties with guides, manuals, and/or instructions for using the accused cartridges and the accused vaporizers in a manner that infringes at least one claim of the Asserted Patents, and with the specific intent that they be used in such infringing manner. For example, Defendants provide instructions for equipping the accused vaporizers with the accused cartridges, and for operating the accused vaporizers to vaporize the material in the reservoir to enable the vaporized material to be drawn into the user's mouth via the mouthpiece. On information and belief, the accused cartridges contain cannabis-based material for vaporization.

26. On information and belief, the Accused Products have been and continue to be used, sold, and offered for sale in this district by or on behalf of

[1] "Rove Enters Canada With Ontario Launch," MorningStar.com (available at https://www.morningstar.com/news/pr-newswire/20260930ph60898/rove-enters-canada-with-ontario-launch) (accessed on Oct. 12, 2026).

Defendants. Non-limiting sets of claim charts comparing exemplars of the Accused Products to claims 1, 5, 10-11, and 17 of the ’527 patent, claims 1-8 and 10 of the ’580 patent, and claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent are attached as Exhibits D-F hereto.

## ITC INVESTIGATION NO. 337-TA-1392

27. On or about February 3, 2026, in ITC Investigation No. 337-TA-1392 (the “1392 Investigation”), the U.S. International Trade Commission (“the Commission”) issued a public opinion finding that each of the Accused Products infringe at least one claim of the Asserted Patents. A true and correct copy of the public opinion is attached as Exhibit G.

28. As reflected in the public opinion, the Commission found that:

- the accused original vaporizer cartridges infringe claims 1 and 10 of the ’527 patent, as well as claims 1 and 7 of the ’580 patent;
- the accused 2024 redesign vaporizer cartridges infringe claims 1 and 7 of the ’580 patent;
- the accused original vaporizers infringe claims 1, 5, 10-11, and 17 of the ’527 patent, as well as claims 1, 6-8 and 10 of the ’580 patent; and
- the accused 2024 redesign vaporizers infringe claims 1, 6-8, and 10 of the ’580 patent.

29. On information and belief, Defendants were aware of the 1392 Investigation and the patents asserted in the Investigation at least as early as February 29, 2024.

## CORRESPONDENCE REGARDING INFRINGEMENT

30. On or about June 2, 2026 through June 23, 2026, PAX Labs notified Defendants, via correspondence with Defendants’ counsel, that the Accused Products infringe at least one claim of the Asserted Patents. The correspondence identified:

- the accused original vaporizer cartridges as infringing claims 1 and 10 of the ’527 patent, as well as claims 1 and 7 of the ’580 patent;

- the accused 2024 redesign vaporizer cartridges as infringing claims 1 and 7 of the ’580 patent;
- the accused original vaporizers as infringing claims 1, 5, 10-11, and 17 of the ’527 patent, as well as claims 1, 6-8 and 10 of the ’580 patent; and
- the accused 2024 redesign vaporizers as infringing claims 1, 6-8, and 10 of the ’580 patent.

31. The correspondence also identified accused 2026 redesign vaporizers as infringing claims 1-8 and 10 of the ’580 patent, as well as claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent.

**COUNT I: INFRINGEMENT OF THE ’527 PATENT**

32. PAX Labs realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33. On information and belief, Defendants have directly infringed and continue to directly infringe, literally and/or through the doctrine of equivalents, at least one claim of the ’527 patent by making, using, selling, offering for sale, and/or importing one or more of the Accused Products, in violation of 35 U.S.C. § 271(a). Exhibit D provides a claim chart demonstrating how the Accused Products practice at least claims 1, 5, 10-11, and 17 of the ’527 patent.

34. On information and belief, Rove, LLC directly infringed literally and/or through the doctrine of equivalents the ’527 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the accused vaporizers and cartridges.

35. On information and belief, Aureus, LLC and Aureus DHS, LLC act or acted as commercial distributors of the Accused Products and directly infringed literally and/or through the doctrine of equivalents the ’527 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products.

36. On information and belief, Sato, LLC directly infringed literally and/or through the doctrine of equivalents the ’527 patent by selling or offering for sale in the United States, the accused vaporizers and cartridges, through one or more online websites.

37. On information and belief, Defendants are and were aware of the ’527 patent and that the Accused Products infringe the ’527 patent since at least as early as the filing of this Complaint, if not earlier. For example, on information and belief, Defendants have been aware of the ’527 patent since at least as early as the ITC Notice of Institution of Investigation in the 1392 Investigation dated February 29, 2024, PAX Labs’s subpoena to Rove in June 2024 from the 1392 Investigation, the Initial Determination on Violation of Section 337 and Recommended Determination on Remedy and Bond from the 1392 Investigation, which was publicly available as of March 14, 2025, and/or since the parties’ June 2026 correspondence.

38. On information and belief, Defendants have actively, knowingly, and intentionally induced infringement of at least claims 1, 5, 10-11, and 17 of the ’527 patent, in violation of 35 U.S.C. § 271(b) by making, using, selling, offering for sale, importing and/or causing to be imported one or more of the Accused Products for or on behalf of third parties such as customers, users, partners, retailers/distributors, knowing and intending that the Accused Products will be used, sold, and/or offered for sale by third parties in a manner that infringes at least claims 1, 5, 10-11, and 17 of the ’527 patent.

39. On information and belief, Defendants make, sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in an infringing manner.

40. On information and belief, Defendants have actively, knowingly, and intentionally contributed to the infringement of at least claims 1, 5, 10-11, and 17 of the ’527 patent, in violation of 35 U.S.C. § 271(b) by selling, offering for sale, and/or

importing at least one material component specially made and/or adapted for use in one or more of the Accused Products with full knowledge of the same.

41. On information and belief, Defendants sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in combination in an infringing manner.

42. On information and belief, none of these components are a standard staple item suitable for non-infringing uses.

43. On information and belief, the accused cartridges contain cannabis-based material for vaporization and are designed for exclusive use as a necessary component of the accused vaporizers.

44. On information and belief, Defendants' acts of direct and/or indirect infringement of the '527 Patent is with Defendants' full knowledge of the '527 patent, and also with full knowledge that the Accused Products directly infringe one or more claims of the '527 patent. Defendants' infringement has and continues to be willful, entitling PAX Labs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

45. As a result of Defendants' infringement of the '527 patent, PAX Labs has been damaged and is entitled to monetary relief in an amount to be determined at trial.

46. On information and belief, unless enjoined, Defendants and/or others acting on behalf of Defendants will continue their infringing acts, thereby causing irreparable injury to PAX Labs, for which there is no adequate remedy at law.

**COUNT II: INFRINGEMENT OF THE '580 PATENT**

47. PAX Labs realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

48. On information and belief, Defendants have directly infringed and continue to directly infringe, literally and/or through the doctrine of equivalents, at least one claim of the '580 patent by making, using, selling, offering for sale, and/or

importing one or more of the Accused Products, in violation of 35 U.S.C. § 271(a). Exhibit E provides a claim chart demonstrating how the Accused Products practice at least claims 1-8 and 10 of the ’580 patent.

49. On information and belief, Rove, LLC directly infringed literally and/or through the doctrine of equivalents the ’580 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the accused vaporizers and cartridges.

50. On information and belief, Aureus, LLC and Aureus DHS, LLC act or acted as commercial distributors of the Accused Products and directly infringed literally and/or through the doctrine of equivalents the ’580 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products.

51. On information and belief, Sato, LLC directly infringed literally and/or through the doctrine of equivalents the ’580 patent by selling or offering for sale in the United States, the accused vaporizers and cartridges, through one or more online websites.

52. On information and belief, Defendants are and were aware of the ’580 patent and that the Accused Products infringe the ’580 patent since at least as early as the filing of this Complaint, if not earlier. For example, on information and belief, Defendants have been aware of the ’580 patent since at least as early as the Notice of Institution of Investigation in the 1392 Investigation dated February 29, 2024, PAX Labs’s subpoena to Rove in June 2024 from the 1392 Investigation, the Commission Opinion from the 1392 Investigation, which was publicly available as of February 3, 2026, and/or since the parties’ June 2026 correspondence.

53. On information and belief, Defendants have actively, knowingly, and intentionally induced infringement of at least claims 1-8 and 10 of the ’580 patent, in violation of 35 U.S.C. § 271(b) by making, using, selling, offering for sale, importing and/or causing to be imported one or more of the Accused Products for or on behalf

of third parties such as customers, users, partners, retailers/distributors, knowing and intending that the Accused Products will be used, sold, and/or offered for sale by third parties in a manner that infringes at least claims 1-8 and 10 of the ’580 patent.

54. For example, on information and belief, Defendants make, sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in an infringing manner.

55. On information and belief, Defendants have actively, knowingly, and intentionally contributed to the infringement of at least claims 1-8 and 10 of the ’580 patent, in violation of 35 U.S.C. § 271(b) by selling, offering for sale, and/or importing at least one material component specially made and/or adapted for use in one or more of the Accused Products with full knowledge of the same.

56. For example, on information and belief, Defendants sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in combination in an infringing manner.

57. On information and belief, none of these components are a standard staple item suitable for non-infringing uses.

58. For example, on information and belief, the accused cartridges contain cannabis-based material for vaporization and are designed for exclusive use as a necessary component of the accused vaporizers.

59. On information and belief, Defendants’ acts of direct and/or indirect infringement of the ’580 patent is with Defendants’ full knowledge of the ’580 patent, and also with full knowledge that the Accused Products directly infringe one or more claims of the ’580 patent. Defendants’ infringement has and continues to be willful, entitling PAX Labs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

60. As a result of Defendants’ infringement of the ’580 patent, PAX Labs has been damaged and is entitled to monetary relief in an amount to be determined at trial.

61. On information and belief, unless enjoined, Defendants and/or others acting on behalf of Defendants will continue their infringing acts, thereby causing irreparable injury to PAX Labs, for which there is no adequate remedy at law.

**COUNT III: INFRINGEMENT OF THE ’099 PATENT**

62. PAX Labs realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

63. On information and belief, Defendants have directly infringed and continue to directly infringe, literally and/or through the doctrine of equivalents, at least one claim of the ’099 patent by making, using, selling, offering for sale, and/or importing one or more of the Accused Products, in violation of 35 U.S.C. § 271(a). Exhibit F provides a claim chart demonstrating how the Accused Products practice at least claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent.

64. On information and belief, Rove, LLC directly infringed literally and/or through the doctrine of equivalents the ’099 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the accused vaporizers and cartridges.

65. On information and belief, Aureus, LLC and Aureus DHS, LLC act or acted as commercial distributors of the Accused Products and directly infringed literally and/or through the doctrine of equivalents the ’099 patent by making, using, selling, offering for sale in the United States, and/or importing into the United States, the Accused Products.

66. On information and belief, Sato, LLC directly infringed literally and/or through the doctrine of equivalents the ’099 patent by selling or offering for sale in the United States, the accused vaporizers and cartridges, through one or more online websites.

67. On information and belief, Defendants are and were aware of the ’099 patent and that the Accused Products infringe the ’099 patent since at least as early as the filing of this Complaint, if not earlier. For example, on information and belief,

Defendants have been aware of the ’099 patent since at least as early as the parties’ June 2026 correspondence.

68. On information and belief, Defendants have actively, knowingly, and intentionally induced infringement of at least claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent, in violation of 35 U.S.C. § 271(b) by making, using, selling, offering for sale, importing and/or causing to be imported one or more of the Accused Products for or on behalf of third parties such as customers, users, partners, retailers/distributors, knowing and intending that the Accused Products will be used, sold, and/or offered for sale by third parties in a manner that infringes at least claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent.

69. For example, on information and belief, Defendants make, sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in an infringing manner.

70. On information and belief, Defendants have actively, knowingly, and intentionally contributed to the infringement of at least claims 11-12, 15-19, 21-23, 25-27, and 29-30 of the ’099 patent, in violation of 35 U.S.C. § 271(b) by selling, offering for sale, and/or importing at least one material component specially made and/or adapted for use in one or more of the Accused Products with full knowledge of the same.

71. For example, on information and belief, Defendants sell, offer for sale, and/or import the accused vaporizers and cartridges with the specific intent for such cartridges and vaporizers to be used in combination in an infringing manner.

72. On information and belief, none of these components are a standard staple item suitable for non-infringing uses.

73. For example, on information and belief, the accused cartridges contain cannabis-based material for vaporization and are designed for exclusive use as a necessary component of the accused vaporizers.

74. On information and belief, Defendants' acts of direct and/or indirect infringement of the '099 patent is with Defendants' full knowledge of the '099 patent, and also with full knowledge that the Accused Products directly infringe one or more claims of the '099 patent. Defendants' infringement has and continues to be willful, entitling PAX Labs to an award of treble damages, reasonable attorney fees, and costs in bringing this action.

75. As a result of Defendants' infringement of the '099 patent, PAX Labs has been damaged and is entitled to monetary relief in an amount to be determined at trial.

76. On information and belief, unless enjoined, Defendants and/or others acting on behalf of Defendants will continue their infringing acts, thereby causing irreparable injury to PAX Labs, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. A determination that Defendants have infringed, directly and indirectly, each of: the '527 patent, the '580 patent, and the '099 patent, either literally or under the doctrine of equivalents;

b. A determination that each Defendants' infringement has been and is willful;

c. An award of all damages to which PAX Labs is entitled under 35 U.S.C. §§ 284 and/or 289 for all past and continuing infringement, including without limitation, at least reasonable royalties;

d. An award of enhanced damages in accordance with 35 U.S.C. § 284 as a result of Defendants' knowing and willful infringement;

e. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of all of Plaintiff's attorneys' fees incurred in connection with this case;

f. An assessment of pre-judgment and post-judgment interest and costs against Defendants and an award of such interest and costs in accordance with 35 U.S.C. § 284; and

g. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), PAX Labs hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: November 9, 2026

CROWELL & MORING LLP

*/s/ Kainoa B. Asuega*

Jon W. Gurka (SBN 187964)
Kainoa B. Asuega (SBN 279463)
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

*Attorneys for Plaintiff*
*PAX Labs, Inc.*